# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

RICHARD S. EVANS, JR._____:
:
    Plaintiff,                               :
:
v.                                             :        Case No. 5:09-CV-89 (HL)
:
JASON JONES, NOAH HAWK,    :
officer BULLOCK and              :
CHAD WELCH,                      :
:
    Defendants.                        :

## ORDER

        The Plaintiff filed his Complaint on February 25, 2009, and it was referred to Magistrate Judge Claude W. Hicks, Jr. The Plaintiff's claims against the various Defendants arose out of a roadblock that the Plaintiff ran, and for which the Plaintiff has been incarcerated. On March 11, 2010, this Court rescinded its Order referring the case to Judge Hicks. This Court also granted the Defendants' motion to file an out-of-time motion for summary judgment. On March 22, 2010, the Defendants filed their Motion for Summary Judgment (Doc. 20) (the "Motion"). The Plaintiff failed to respond to the Motion.

        Rule 56(c) of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides as follows:

> The motion must be served at least 10 days before the day set for the hearing. An opposing party may serve opposing affidavits before the hearing day. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Although the Rule makes reference to hearings, under the procedures and policies of this Court, motions for summary judgment are normally decided on briefs. The Court considers the pleadings and any discovery and disclosure materials on file, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56; the parties may submit their arguments to the Court by filing briefs in support of or briefs in opposition to said motions.

Under the law, the party upon whom a motion for summary judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the motion for summary judgment, a final judgment may be rendered against him if otherwise appropriate under the law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Id.; Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695

F.2d 1294, 1296 (11th Cir.1983). Although the evidence and all factual inferences therefrom must be viewed by the Court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or other materials in order to persuade the Court that there are material facts which exist in the case which must be presented to a jury for resolution. See Van T. Junkins & Assoc. v. U.S. Indus., Inc., 736 F.2d 656, 658 (11th Cir. 1984).

Failure of Plaintiff herein to respond to and rebut the statements set forth in Defendants' affidavits or other sworn pleadings will result in said statements being accepted as the truth. If the Court finds that Defendants have satisfied their burden on motion for summary judgment, the Motion will be granted and there will be no trial or other further proceedings.

Accordingly, if the Plaintiff fails to respond, the Plaintiff will have no input in how this Court rules. The Plaintiff shall have through Friday, May 28, 2010, to file his response to the Motion. If the Plaintiff has not filed a response at that time, the Court will proceed to resolve the Motion without input from the Plaintiff.

**SO ORDERED,** this the 18th day of May, 2010.

*s/ Hugh Lawson*
HUGH LAWSON, Senior Judge

jch