# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RICHARD S. EVANS, JR., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-89(MTT) |
| JASON JONES, *et al.*, | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on the Defendant's Motion for Summary Judgment (Doc. 20) (the "Motion"). The Plaintiff has asserted claims against the Defendants for violating his rights to be free from double jeopardy, from malicious prosecution and from illegal searches and seizures. These claims arose out of an incident involving a roadblock set up by the Defendants, officers of the Eatonton Police Department, on the evening of December 10, 2007 in Eatonton, Georgia. The Defendants have moved for summary judgment.

The Court has considered the evidence and arguments by all parties and is prepared to rule on the issues of double jeopardy and malicious prosecution. But the record is not sufficiently developed to allow the Court to decide whether summary judgment is appropriate on the issue of illegal search and seizure. However, as the parties can easily supplement the record, and as a brief supplement will likely resolve any questions this Court has, it would be burdensome to move to trial simply to perfect the record.

In order to preserve valuable court resources, the Court will allow the parties to supplement their respective briefs, but limitations apply.  First, the parties must file their supplements not later than Friday, October 22, 2010.  Second, no supplement shall be longer than five pages (but the parties are encouraged to use no more pages than are necessary).  Third, a supplement may take the form of a brief or an affidavit, but the page limit is inclusive of any attachments, unless the Court permits otherwise.  Fourth, to the extent possible, a supplement shall present evidence rather than argument.  Finally, the only issues that the parties shall address are the following:

(1) What was the purpose of the December 10, 2007 roadblock?

(2) Was the purpose of the roadblock legitimate?  Or, did the officers have the authority, whether on their own or derived from the State, to conduct a roadblock for this purpose?

Should the parties have any questions or concerns, they may present their issues to the Court by letter.  The parties, to the extent possible, should copy the other party on any correspondence with the Court.  If a party is unable to do so, the Court will provide copies of correspondence to the other parties.

**SO ORDERED**, this the 1st day of October, 2010.

        S/ Marc T. Treadwell
        MARC T. TREADWELL, JUDGE
        UNITED STATES DISTRICT COURT

jch