**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **RICHARD S. EVANS, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:09-CV-89(MTT)** |
| ) | |
| **JASON JONES,** *et al.,* ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

This matter is before the Court on the Defendant's Motion for Summary Judgment (Doc. 20) (the "Motion"). For the following reasons, the Motion is granted.

### I. FACTUAL BACKGROUND

The Plaintiff has not put forward any evidence. Thus, the facts alleged by the Defendants, which they have supported with evidence, are undisputed.

On December 10, 2007 at around 9:55 p.m., the Defendants, all police officers for the Eatonton Police Department, were performing a roadblock on Glenwood Springs Road in Eatonton Georgia. The purpose of the roadblock, which was authorized by Police Chief Kent Lawrence, was to check drivers' licenses, sobriety and seatbelt usage. The Defendants were standing near the middle line of Glenwood Springs Road when the Plaintiff's car appeared. As the Plaintiff approached the roadblock, Officer Jones observed the Plaintiff moving his car into the middle of the road and accelerating. The Defendants scrambled into the westbound lane and the Plaintiff followed. The Plaintiff was driving directly at the Defendants. The Defendants split up, Officers Jones, Hawk and Welch heading for the westbound shoulder, Officer Bullock heading for his car in the eastbound lane. The Plaintiff barely missed striking the three officers on the

westbound shoulder before swerving at Officer Bullock.  The Plaintiff missed striking Officer Bullock by less than a foot.

The Officers entered their patrol cars and began to give chase.  The Plaintiff used evasive maneuvers, such as speeding, running a red light and making turns without a signal.  When the Plaintiff approached a sharp curve, Officer Jones struck the Plaintiff's car, spinning the vehicle and knocking it off the road.  On orders from the Defendants, the Plaintiff got out of the vehicle and lay on the ground.  The Plaintiff was arrested and charged with four counts of aggravated assault on a peace officer, two counts of speeding, and one count each of failure to maintain lane, reckless driving, fleeing or attempting to elude a police officer, failing to stop at a traffic signal, failing to use a turn signal and driving on a suspended license.

A grand jury indicted the Plaintiff on all charges but the failure to maintain lane charge.  In his first trial, the jury convicted the Plaintiff of driving on a suspended license, fleeing or attempting to elude a police officer and two counts of speeding; the jury found the Plaintiff not guilty on the charge of failure to maintain lane; and the court declared a mistrial on the charges of aggravated assault and reckless driving.  The Plaintiff was retried on the charges of aggravated assault and reckless driving.  At the second trial, the jury found him guilty of reckless driving, but the court again declared a mistrial on the charges of aggravated assault.  The aggravated assault charges are still pending.

The Plaintiff brought this action against the Defendants for violating his right to be free from double jeopardy, malicious prosecution and illegal search and seizure. The Defendants answered, then filed this motion for summary judgment.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment must be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the moving party to prove that no genuine issue of material facts exists. *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d at 1224. The district court must "view all evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in its favor." *Id*.

Here, the Defendants have shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.

### B. Double Jeopardy

The only defendants against whom the Plaintiff has alleged any facts relating to his double jeopardy claims are Officers Noel Hawk and Andy Bullock. The Plaintiff claims that Officer Hawk violated his right against double jeopardy by charging the

Plaintiff with four counts of aggravated assault arising from a single transaction. The Plaintiff claims that Officer Bullock violated his right against double jeopardy by filing six traffic offenses arising from a single transaction.

According to the United States Supreme Court, "[T]he Fifth Amendment guarantee against double jeopardy is enforceable against the States through the Fourteenth Amendment. That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989). None of the Plaintiff's allegations here are sufficient to raise a claim for double jeopardy. The Plaintiff was neither previously acquitted nor previously convicted of any charge arising out of the roadblock. Nor has the Plaintiff yet been punished for any of his alleged aggravated assaults. In other words, the Plaintiff has not been put in double jeopardy.

Moreover, Officers Hawk and Bullock are not proper defendants in a claim involving double jeopardy. Again, double jeopardy rights are violated by prosecution or punishment. Here, the officers had no control over either the prosecution or the punishment of the Plaintiff; they merely made the arrests and filed charges.

## C.    Malicious Prosecution

The Plaintiff also asserts a claim for malicious prosecution. Georgia law provides the elements of a claim for malicious prosecution. *See Uboh v. Reno*, 141 F.3d 1000,

1003-04 (11th Cir. 1998). Under Georgia law, "A criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action." O.C.G.A. § 51-7-40. "Further, in order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused." *Uboh*, 141 F.3d at 1004. Obviously, a malicious prosecution claim will not lie against a police officer because a police officer is powerless to prosecute a criminal defendant. Moreover, the criminal proceeding complained of here, that is, the four counts of aggravated assault, has not terminated in favor of the Plaintiff. Therefore, the Plaintiff cannot proceed against these defendants on a malicious prosecution claim.

**D.    Illegal Search and Seizure**

The Plaintiff also claims that the roadblock violated his Fourth and Fourteenth Amendment rights against unreasonable searches and seizures. In this case, the roadblock was authorized by Police Chief Kent Lawrence to check drivers' licenses, sobriety and seat-belt usage. Police are constitutionally permitted to conduct roadblocks for such purposes. *See, e.g., City of Indianapolis v. Edmond*, 531 U.S. 32, 39 (2000); *Michigan Dept. of State Police v. Sitz*, 496 U.S. 444, 455 (1990); and *Merrett v. Moore*, 58 F.3d 1547, 1550-51 (11th Cir. 1995). Moreover, the Defendants conducted the roadblock in a constitutionally appropriate manner because all vehicles were stopped, the delay to motorists was minimal, the roadblock was clearly identified as such, and the Defendants had been adequately trained to conduct the roadblock.

*See, e.g., Sitz*, 496 U.S. at 452-53. Therefore, the Plaintiff suffered no constitutional violation at the hands of the Defendants because of the roadblock.

### III. CONCLUSION

For the foregoing reasons, the Motion (Doc. 20) is **GRANTED**.

**SO ORDERED**, this the 4th day of November, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jch